IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

vs.                                               Criminal No.  09-744-07

LATIF KAMEL HAZIME,

_____

## DEFENDANT'S SENTENCING MEMORANDUM

**NOW COMES**, your Defendant, Latif Kamel Hazime, by and through his counsel, GARY EISENBERG, of EISENBERG, BENSON & FIELDS, PLLC, and hereby moves this Honorable Court to consider the enclosed arguments contained herein.

## SENTENCING FACTORS FOR CONSIDERATION BY THE COURT

Pursuant to 18 U.S.C. § 3553 (a) (2), a sentencing court must impose a sentence that is **"sufficient but not greater than necessary" to achieve the four purpose of sentencing (retribution, deterrence, incapacitation, and rehabilitation)** after consideration of the following factors set-forth by Congress via statute:

(1)     the nature and circumstances of the offense and the history characteristics of the Defendant;

(2)     the kinds of sentences available;

(3)     the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline ranges;

(4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct;

(5)     the need to provide restitution to any victim of the offense.

Moreover, pursuant to 18 U.S.C. § 3582, the imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the factors in 18 U.S.C. § 3553 9a), the sentencing court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582.

A district court's discretion in sentencing is broad in nature. See United States v. Parker, 462 F.3d 273, 277-78 (3d Cir.2006). At sentencing a district court must follow a three-step process: (1) Courts must continue to calculate a defendant's Guideline sentence precisely as they would have before Booker. . .; (2) In doing so, courts must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force. . .; (3) Finally, courts are required to exercise their discretion by considering the relevant § 3553 (a) factors . . . in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines. See United States v. Gunter, 462 F. 3d 237, 247 (3d Cir. 2006). This language seems to clearly indicate that in the critical third step of the sentencing analysis, district courts must apply their own independent judgment to the sentence to be imposed in light of the sentencing factors, yet they do not need to pay heed to whether their judgment results in a sentence within the advisory Guideline range. See United States v. Vampire Nation, 451 F.3d 189, 196 (3d Cir. 2006) ("the Guidelines are now only one factor among many which can influence a discretionary sentence. Application of [an advance notice requirement for sentences outside the applicable Guideline range] would elevate the advisory sentencing range to a position of importance that it no longer can enjoy"); see also United States v. Coleman, 451 F.3d 154, 158 (3d Cir. 2006) ("the

Guidelines' recommended range may be modified or disregarded by a different court upon consideration of the other sentencing factors Congress has identified in § 3553 (a)'). The United States Court of Appeals has rejected a *per se* presumption of reasonableness for within-range guideline sentences. See <u>United States v. Cooper</u>, 437 F.3d 324, 331 (3dCir. 2006). According to the Third Circuit, 18 U.S.C. § 3553 (a) requires that a district court "impose a sentence sufficient, but not greater than necessary," to comply with the statutory purposes of sentencing under Section 3553.

## **OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT**

At a minimum, the Defendant should be deemed a "minor participant" and subject to a two level decrease pursuant to U.S.S.G. § 3B1.2 (b). Pursuant to U.S.S.G. § 3B1.2 (a), if a defendant is a minimal participant in any criminal activity, the offense level should be decreased by four levels. A "minimal participant" reduction applies to defendants "who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.2, application note 4.

This four level adjustment was created to apply to a defendant, such as Latif Kamel Hazime, who is plainly among the least culpable of those involved in the conduct of the group. The Defendant's lack of knowledge or understanding of the scope and structure of the conspiracy, as well as of the activities engaged in by his co-defendants, is indicative of a role as a minimal participant. Mr. Hazime was not involved in planning the purchase of the goods, setting the price, or in any other aspect of the crime that would demonstrate a significant level of knowledge or involvement, instead merely a person buying playstations at clearly too low a price

and as such stolen goods. This Defendant is clearly the least culpable individual charged in this case. Therefore, the Defendant respectfully submits that a two, three or four level adjustment in his offense gravity score is appropriate under Section 3B1.2.

## DOWNWARD VARIANCE AND MITIGATION ISSUES

The advisory Guideline sentence recommended in this matter *sub judice* conflicts with 18.U.S.C. § 3553 (a)'s directive to impose a sentence that is "sufficient but not greater than necessary." See Kimbrough v. United States, 128 S.Ct. 558, 564(2007) (holding that district court did not abuse its discretion when it imposed a lesser sentence based on its disagreement with Sentencing Commission's policy considerations and properly impose a below-guideline sentence). In many cases, including the instant matter, the Federal Sentencing Guidelines do not fully implement the statutory objectives of sentencing. In Rita v. United States, the U.S. Supreme Court held that "[t] he Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. These are, however, matters that § 3553 (a) authorizes the sentencing judge to consider." Rita v. United States, 127 St.C. 2456, 2473 (2007). Moreover, in the Third Circuit, it has been recognized that a non-guideline sentence is authorized and appropriate in the post-Booker sentencing world based upon a district court's analysis of the 18 U.S.C. § 3553 (a) factors even under circumstances where the grounds for a "downward sentencing variance" would not support a "downward departure" under the Federal Sentencing Guidelines. See United States v. Howe, 543 F.3d 128 (3d Cir. 2008).

I.   Defendant's Limited Role in the Offense:

Regardless of whether this Honorable Court determines that the Defendant is or is not entitled to a downward adjustment for his limited role in the offense pursuant to U.S.S.G.§ 3B1.2, this Court may vary from the advisory guideline range based on Mr. Hazime's less significant level of involvement in the conspiracy.  See United States v. Thomas, 595 F.Supp.2d 949 (E.D. Wis. 2009).

II.	Defendant's Good Character, Lack of Any Prior Criminal Record, and Extreme Remorse:

Latif Kamel Hazime is a man who has never had any prior contacts with the criminal justice system either as an adult or a juvenile.  See ¶ 38-55 of the PSI Report.  This fact speaks to the character and true nature of this man, as well as his ability to be rehabilitated without the need for incarceration.  Mr. Hazime is ashamed of his behavior and has acted to make amends for his conduct by discussing his transgressions with the agents who arrested him in hopes of providing the Government with useful information that might lead to a downward departure pursuant to U.S.S.G § 5K1.1.

The conduct of the Defendant in this case truly constitutes an aberration and a complete departure from his typically law abiding nature and good character.  The history and characteristics of this Defendant clearly mitigate in favor of fashioning a sentence that does not require Mr. Hazime to remain incarcerated, especially since incarceration is not a necessary sentencing component for this Honorable Court to ensure the safety of our community and satisfy the relevant sentencing factors set-forth in 18 U.S.C. § 3553.  Moreover, the Defendant has never used violence in order to obtain anything in his life.  Even in the instant matter before this Honorable Court, there are no allegations that the Defendant used or possessed firearms or employed any violence as part of his instant offense.

While the Sentencing Guidelines do not view the Defendant's conduct in this case as "aberrant", this Honorable Court may make such a determination as part of its Section 3553 (a)

analysis.  See United States v. Howe, 543 F.3d 128 (3d Cir. 2008) (affirming probation sentence and temporary home confinement for wire fraud scheme despite 18 to 24 month guideline range, where court properly found that the offense was an "isolated mistake" in the context of Howe's otherwise long and upstanding life), see also United States v. Hancock, 95 F.Supp.2d 280 (E.D. Pa. 2000).  A defendant's "aberrant" behavior can justify a downward sentencing variance based on a number of factors, including the determination that the defendant is an otherwise law abiding citizen who just did a "dumb thing."  See United States v. Hadash, 408 F.3d 1080 (8th Cir. 2005) (six level reduction upheld where court concluded that defendant was a "law abiding citizen, who [did] an incredibly dumb thing" and "was not the type of defendant the guidelines section was designed to punish"); United States v. Germosen, 473 F.Supp.2d 221 (D. Mass. 2007) (sentence of 2 years probation with 6 months home detention justified where guideline range was 37-46 months in heroin importation case because defendant was a hardworking, model citizen who supported his children and participated in youth groups, etc.).

In the instant matter before this Honorable Court, Latif Kamel Hazime represents a law abiding individual who did an incredibly foolish thing in being seduced by the desire to make money in order to support his family in Venezuela.  Despite his criminal conduct, the Defendant is truly in his heart, and as demonstrated by all other aspects of his life and history, a good person whose course of conduct in this case represents an aberration and clear departure from his true self.

III.    Defendant's Alien Status:

The Defendant is not a citizen of the United States and in fact Mr. Hazime was born in Beirut, Lebanon and now lives in Margarita Island, Venezuela where he has lived since he was nineteen (19)  years old.  He became a Venezuelan citizen in 1983 and has been married to his wife, Amina, since 1978. They have had four (4) children and resides in Margarita Island and

since Hazime being forced to stay in Lebanon as of February 2010 (while there to see his mother and seek medical care) he was stopped from leaving the country because of these Federal charges against him. His children, Niam and Mohammad, who also live in Venezuela and have collectively worked to keep the family business running while their father remains in Lebanon due to the forfeiture of his passport pending these charges.  Given the fact that Defendant's wife and four (4) children remain in Venezuela, he has suffered immense penalty being unable to return to his family, home, and business for well over a year and a half, stuck in Lebanon pending the outcome of these charges and the hopeful return of his passport.

IV.     The Sentencing Guidelines Suggest Probation:

    Defendant seeks the court's permission to comply with probation however return to his home in Venezuela while doing so.  According to the Third Circuit, 18 U.S.C. § 3553 (a) requires that a district court "impose a sentence sufficient, but not greater than necessary," to comply with the statutory purpose of sentencing under Section 3553.  See United States v. Howe, 543 F.3d 128 (3d Cir. 2008).  In this case, the Defendant is facing an advisory sentencing guidelines range of probation, not less than one (1) year nor more than five (5) years, pursuant to 18 U.S.C. § 3561 ©) (1).  The guidelines also call for the Defendant to submit to at least one drug test within fifteen (15) days after being place on probation and two (2) periodic tests thereafter if the court deems necessary  (Section 78).  In this case, the Defendant is facing an advisory sentencing guideline for one (1) to five (5) years.  Since February 2010, he has remained in Lebanon unable to leave to see his family, live in his home, or work in his business.  Ostensibly, while not incarcerated, Defendant has been punished significantly and vastly beyond the terms of the probation suggested in the Pre-Sentence Report by virtue of being unable to leave Lebanon isolated from his family, friends, business and day to day life.  With these factors in mind, it seems that a sentence allowing Defendant to return to his home in Venezuela is

appropriate and could reasonably be fashioned to ensure that Defendant adheres to all probation requirements before returning to Venezuela or certainly while in Venezuela during the probation period.

## CONCLUSION

For all the reasons set-forth above, the Defendant respectfully requests that this Honorable Court impose a sentence that would allow Defendant to comply with all probationary terms after being return to his homeland of Margarita Island, Venezuela.

Respectfully Submitted:
Law Offices of Eisenberg, Benson & Fields, PLLC

/s/ Gary Eisenberg
Gary Eisenberg (P13131)
Attorney for Defendant
2000 Town Center, Suite 1780
Southfield, MI 48075
(248) 357-3550/Fax 3404

Dated: September 7, 2011

## CERTIFICATE OF SERVICE

I, Gary Eisenberg certify that on September 7, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to ECF participants and that I have mailed the paper to all non-ECF participants.

Eisenberg, Benson & Fields, PLLC

/s/ Gary Eisenberg
Gary Eisenberg  (P13131)
Attorney for Defendant Hazime
2000 Town Center, Suite 1780
Southfield, MI 48075
(248) 357-3550/Fax 3404

Dated:       September 7, 2011                geisenberg@ebflegal.com