IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

vs.                                                                 Criminal No. 09-744-07

LATIF KAMEL HAZIME,

_____

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM

**NOW COMES**, your Defendant, Latif Kamel Hazime, by and through his counsel, GARY EISENBERG, of EISENBERG, BENSON & FIELDS, PLLC, and hereby moves this Honorable Court to consider the enclosed arguments contained herein.

## SENTENCING FACTORS FOR CONSIDERATION BY THE COURT

Pursuant to 18 U.S.C. § 3553 (a) (2), a sentencing court must impose a sentence that is "**sufficient but not greater than necessary**" **to achieve the four purpose of sentencing (retribution, deterrence, incapacitation, and rehabilitation)** after consideration of the following factors set-forth by Congress via statute:

(1)   the nature and circumstances of the offense and the history characteristics of the Defendant;

(2)   the kinds of sentences available;

(3)   the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline ranges;

(4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct;

  (5)  the need to provide restitution to any victim of the offense.

 Moreover, pursuant to 18 U.S.C. § 3582, the imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the factors in 18 U.S.C. § 3553 9a), the sentencing court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582.

 A district court's discretion in sentencing is broad in nature. See <u>United States v. Parker</u>, 462 F.3d 273, 277-78 (3d Cir.2006). At sentencing a district court must follow a three-step process: (1) Courts must continue to calculate a defendant's Guideline sentence precisely as they would have before <u>Booker</u>. . .; (2) In doing so, courts must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-<u>Booker</u> case law, which continues to have advisory force. . .; (3) Finally, courts are required to exercise their discretion by considering the relevant § 3553 (a) factors . . . in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines. See <u>United States v. Gunter,</u> 462 F. 3d 237, 247 (3d Cir. 2006). This language seems to clearly indicate that in the critical third step of the sentencing analysis, district courts must apply their own independent judgment to the sentence to be imposed in light of the sentencing factors, yet they do not need to pay heed to whether their judgment results in a sentence within the advisory Guideline range. See <u>United States v. Vampire Nation</u>, 451 F.3d 189, 196 (3d Cir. 2006) ("the Guidelines are now only one factor among many which can influence a discretionary sentence. Application of [an advance notice requirement for sentences outside the applicable Guideline range] would elevate the advisory sentencing range to a position of importance that it no longer

can enjoy"); see also United States v. Coleman, 451 F.3d 154, 158 (3d Cir. 2006) ("the Guidelines' recommended range may be modified or disregarded by a different court upon consideration of the other sentencing factors Congress has identified in § 3553 (a)'). The United States Court of Appeals has rejected a *per se* presumption of reasonableness for within-range guideline sentences. See United States v. Cooper, 437 F.3d 324, 331 (3dCir. 2006). According to the Third Circuit, 18 U.S.C. § 3553 (a) requires that a district court "impose a sentence sufficient, but not greater than necessary," to comply with the statutory purposes of sentencing under Section 3553.

### DEFENDANT'S AMENDED COMMENTS REGARDING PRE-SENTENCE INVESTIGATION REPORT

To clarify Defendant's position he formally withdraws all objections to the pre-sentencing investigation report. Further, Defendant is amending his previous memorandums filed with this court and withdrawing his request that he be deemed a minor participant in the criminal activity. Accordingly, Defendant is not seeking any decrease in offense level as previously requested.

Defendant fully intends to argue all of the other factors to be considered by the court for sentencing purposes.

### CONCLUSION

For all the reasons set-forth above, the Defendant respectfully requests that this Honorable Court impose a sentence that would allow Defendant to comply with all probationary terms after being return to his homeland of Margarita Island, Venezuela.

        Respectfully Submitted:
        Law Offices of Eisenberg, Benson & Fields, PLLC

        /s/ Gary Eisenberg
        Gary Eisenberg (P13131)
        Attorney for Defendant
        2000 Town Center, Suite 1780
        Southfield, MI 48075
        (248) 357-3550/Fax 3404

Dated: September 9, 2011

## CERTIFICATE OF SERVICE

    I, Gary Eisenberg certify that on September 9, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to ECF participants and that I have mailed the paper to all non-ECF participants.

        Eisenberg, Benson & Fields, PLLC

        /s/ Gary Eisenberg
        Gary Eisenberg  (P13131)
        Attorney for Defendant Hazime
        2000 Town Center, Suite 1780
        Southfield, MI 48075
        (248) 357-3550/Fax 3404

Dated:    September 9, 2011        geisenberg@ebflegal.com